## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | EP:15-CR-1383(1)-FM |
| Joshua Alan Taylor<br>Defendant. | §<br>§<br>§<br>§<br>§ | |

### *STANDING DISCOVERY ORDER[1]*

In the interests of justice and judicial economy, the court enters the following general order of discovery which will apply in the above-styled case. In general, the court will order the parties to comply with Rules 12.1, 12.2, 16 and 26.2 of the Federal Rules of Criminal Procedure and with *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963), *Giglio v. United States*, 405 U.S. 150, 92 S. Ct. 763 (1972) and their progeny and with Title 18, United States Code, Section 3500, as well as Rule 404(b), Federal Rules of Evidence.

The court will require the Government to comply with Rule 16(a)(1)(D), Federal Rules of Criminal Procedure, but not later than fifteen (15) days after the initial arraignment of the particular Defendant in question. If the Government is unable to comply with the 15 day discovery requirement, it shall on the 15th day file with the court its reasons for not complying with the court's order, stating when it expects to make discovery available to the Defendant. Failure to comply with the court's order or to give good cause for not being able to comply may result in the court not allowing such evidence to be admitted at trial.

---

[1] If this order is issued after a superseding indictment, then it will serve as a supplement to the existing discovery order.

Pursuant to Rule 16, Federal Rules of Criminal Procedure, the Government is ORDERED to prove the Defendant with:

1)    Any relevant written or recorded statements made by the Defendant, or copies thereof, within the possession, custody or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the Government;

2)    The substance of any oral statement which the Government intends to offer in evidence at the trial made by the Defendant whether before or after arrest in response to interrogation by any person then known to the Defendant to be a Government agency.

3)    Such copy of Defendant's prior criminal record, if any, as is within the possession, custody or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the Government.

4)    Any books, papers, documents, photographs, tangible objects, buildings or places, or copies or photos thereof, which are within the possession, custody or control of the Government, and which are material to the preparation of his defense, or are intended for use by the Government as evidence in chief at the trial, or were obtained from or belong to the Defendant.

5)    Any results or reports of physical or mental examinations and/or scientific tests or experiments, or copies thereof, which are within the possession, custody or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the Government, and which are material to the preparation of the defense or are intended for use by the Government as evidence in chief at the trial.

2

6)      A written summary of testimony the Government intends to use under Rules 702, 703 and 705 of the Federal Rules of Evidence during its case in chief at trial.  Such summary must describe the witnesses' opinion, the basis and reasons therefor, and the witnesses' qualifications.  F.R.Cr.P. 16(a)(1)(G).

Pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963), *Giglio v. United States*, 405 U.S. 150, 92 S. Ct. 763 (1972) and their progeny, the Government is ORDERED to produce any and all evidence which would tend to exculpate the Defendants (that is, evidence which is favorable and material to the defense), or which would constitute impeachment of Government witnesses, or which would serve to mitigate punishment.  This includes and is not limited to the following:

1)      Any evidence tending to show threats, promises, payments or inducements made by the Government or any agent thereof which would bear upon the credibility of any Government witness.

2)      Any statement of any Government witness which is inconsistent with his accusatory statement which led to the indictment in this case.

3)      Any statement of any Government witness which is inconsistent with testimony at trial.

4)      Any prior conviction of any Government witness, which involved dishonesty or false statements, or for any felony conviction.

5)      Any pending criminal charges against any Government witness.

6)      Any specific instances of the conduct of any Government witness which would tend to show character for untruthfulness.

3

Disclosure by the Government must be no later than 40 days before trial as to allow the Defendant to use the favorable material effectively in the preparation and presentation of its case even if satisfaction of this criterion requires pretrial disclosure.  As to any evidence which arguably has a substantial basis for being material and favorable to the Defendant, if the Government elects not to disclose it, the Government shall submit the evidence to the court for an *in camera* inspection no later than 40 days before trial or plea by the defendant.

The court ORDERS, pursuant to 18 U.S.C. § 3500 and Rule 26.2 of the Federal Rules of Criminal Procedure, that the Government may decline to disclose pretrial statements of any of its witnesses until each such witness has concluded his direct examination at trial.  At that time, the Government shall produce the witness' prior statements that are in its possession and which relate to his testimony.

The court further ORDERS, pursuant to Rule 404(b), Federal Rules of Evidence, that the Government provide to the Defendant no later than 40 days before trial any and all evidence of other crimes, wrongs, or acts of the Defendant which the Government intends to use at trial of the case.

If prior to or during trial the Government should discover additional evidence or material which is covered by this Order, the Government shall promptly notify Defendant's counsel or the court of the existence of this additional material or witness.

Pursuant to Rule 16(b)(1), Federal Rules of Criminal Procedure, the Government is GRANTED reciprocal discovery.

Should any Defendants require additional discovery not covered by this Order, he or sheshall file a Motion for Discovery asking for the specific item that he or she is requesting with

4

proper memorandum and specific citations setting forth the authority for the granting of such request.

SIGNED and ENTERED this  28th  day of  August, 2015.


_____
**FRANK MONTALVO**
**UNITED STATES DISTRICT JUDGE**